# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 20-1499**

**September Term, 2021**
FILED ON: MARCH 23, 2022

AMERICAN CLEAN POWER ASSOCIATION,
        PETITIONER

v.

FEDERAL ENERGY REGULATORY COMMISSION,
        RESPONDENT

D. E. SHAW RENEWABLE INVESTMENTS, L.L.C., ET AL.,
        INTERVENORS

---

On Petition for Review of Orders
of the Federal Energy Regulatory Commission

---

Before: TATEL and MILLETT, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

## J U D G M E N T

This case was considered on the record from the Federal Energy Regulatory Commission, and on the briefs and oral arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED** and **ADJUDGED** that the petition for review be denied.

Connecting a new power generator to an existing power grid often requires upgrading the transmission network infrastructure to accommodate the increased flow of power. Under the governing tariff for the Midcontinent Independent System Operator, a transmission owner may fund the required construction itself and then recoup its costs, along with a reasonable return on capital, from the generator through monthly network upgrade charges. American Clean Power Association, a trade organization for electrical power generators, petitions for review of Commission orders approving a pro forma facilities service agreement that would require interconnecting generators to maintain security for these costs after construction.

The generators make one principal argument: that requiring generators to maintain security after construction is inconsistent with the Commission's orders in the *White Oak* cases,

*Midcontinent Independent System Operator, Inc. (White Oak I)*, 152 FERC ¶ 61,145 (2015), and *Midcontinent Independent System Operator, Inc. (White Oak II)*, 154 FERC ¶ 61,072 (2016). To be sure, the generators package this argument a few different ways, contending that the Commission inadequately explained its departure from this precedent, ignored substantial evidence related to this precedent, and failed to respond to objections about this precedent.

However phrased, the generators' argument fails because the Commission's orders on review are consistent with its prior orders. As the Commission explained, *White Oak I* and *II* were filed rate doctrine cases, not cases about the fairness or reasonableness of post-construction security requirements. Those cases held that "[p]ermitting a transmission owner to require the posting of security affects rates by increasing costs to interconnection customers, and the requirement to post security, like the network upgrade charge, must therefore be referenced in the Tariff." *White Oak II*, 154 FERC ¶ 61,072, at 61,435. Whether post-construction security was necessary in light of the tariff's default provisions was "not before" the Commission. *White Oak I*, 152 FERC ¶ 61,145, at 61,718. In its orders on review, the Commission fairly addressed the generators' argument and explained why the *White Oak* cases were "distinguishable." *Midcontinent Independent System Operator, Inc.*, 171 FERC ¶ 61,075, at 61,580 (2020).

We also reject the generators' argument that requiring security imposes an unnecessary "double burden" along with the pro forma agreement's default provisions. As the Commission explained, the default provisions accelerate a generator's outstanding obligations if it misses a payment. But they do nothing to "protect the transmission owner from the risk of non-recovery" from an insolvent generator. *Midcontinent Independent System Operator, Inc.*, 173 FERC ¶ 61,037, at 61,218 (2020). Thus, the post-construction security requirement serves a different purpose from that of the default provisions: "to provide recourse where a party is unable to pay." *Id.* Although the generators suggested at oral argument that the Commission should have studied the likelihood of default before imposing new costs on generators, they failed to raise this argument before the Commission. *See New England Power Generators Association, Inc. v. FERC*, 879 F.3d 1192, 1198 (D.C. Cir. 2018) ("[T]he party seeking judicial review must have raised in its rehearing request before the Commission each objection it puts before the reviewing court.").

The Commission rationally determined on the record before it that the pro forma agreement's security provisions were just and reasonable, and it adequately explained its reasoning.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

3

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk